UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE 1, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COMMUNITY MEDICAL CENTERS, INC.,<br><br>Defendants. | No. 2:25-mc-00277-DAD-CSK<br><br>ORDER DENYING PETITION FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 2679(d)(3)<br><br>(Doc. No. 1) |

This matter is before the court on defendant Zhu's petition for certification pursuant to 28 U.S.C. § 2679(d)(3) that his alleged actions were within the scope of his employment with the federal government. (Doc. No. 1.) On October 21, 2025, the motion was taken under submission on the papers pursuant to Local Rule 230(g). (Doc. No. 9.) For the reasons explained below, the court will deny defendant Zhu's petition.

**BACKGROUND**

This petition arises from a related state action regarding defendant Zhu's conduct towards the Doe plaintiffs. (Doc. No. 1.) That state action was initiated on October 23, 2023 and alleged that defendant Zhu had inappropriately touched Doe plaintiffs during medical examinations. (Doc. No. 1-3 at ¶ 2, pp. 8–17.) On June 11, 2024, the United States substituted in the place of defendant Community Medical Center, Inc. and removed the action to this federal court with the

1

case number Case. No. 2:24-cv-01669-DAD-CSK.  (*Id.* at ¶ 4.)  On June 18, 2024, the United States filed a motion to dismiss that action pursuant to Federal Rule of Civil Procedure 12(b)(1) on the basis that plaintiffs had failed to exhaust their administrative remedies.  (*Id.* at ¶ 5.)  On October 29, 2024, the court granted that motion to dismiss and remanded the state law claims asserted against defendant Zhu to the state court.  *Doe 1 v. Cmty. Med. Ctrs., Inc.*, No. 2:24-cv-01669-DAD-CSK, 2024 WL 4608001, at *3 (E.D. Cal. Oct. 29, 2024).  On June 3, 2025, the United States Department of Justice informed defendant Zhu that it declined to certify that defendant Zhu was acting within the scope of his employment with regards to the acts alleged in the state action.  (Doc. No. 1-3 at ¶ 8.)

On August 20, 2025, defendant Zhu filed a petition to certify that the actions in which he was alleged to have engaged in the state action were performed within the scope of his employment with the federal government pursuant to 28 U.S.C. § 2679(d)(3).  (Doc. No. 1.)  On October 1, 2025, the United States filed an opposition to the pending petition.  (Doc. No. 6.)  On October 13, 2025, defendant Zhu filed his reply thereto.  (Doc. No. 7.)

**LEGAL STANDARD**

"The Federal Employees Liability Reform and Tort Compensation Act of 1988, commonly known as the Westfall Act, accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties."  *Osborn v. Haley*, 549 U.S. 225, 229 (2007) (citing 28 U.S.C. § 2679).  "The Westfall Act provides a procedure by which the federal government determines whether an employee is entitled to immunity."  *Saleh v. Bush*, 848 F.3d 880, 888 (9th Cir. 2017).  First, the employee is required to deliver "all process served upon them" to their immediate superior, who then furnishes "copies of the pleadings and process therein to the United States attorney for the district" in which the proceeding is brought.  28 U.S.C. § 2679(c).  "The Attorney General then determines whether the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose.  If so, the Attorney General issues a scope certification, which transforms an action against an individual federal employee

/////

2

into one against the United States." *Saleh*, 848 F.3d at 888 (internal quotation marks and citation omitted) (quoting *Hui v. Castaneda*, 559 U.S. 799, 810 (2010)).

However, "if the Attorney General denies certification, as he did here, the employee may petition the court for certification." *Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993) (citing 28 U.S.C. § 2679(d)(3)). "The Attorney General's decision regarding scope of employment certification is subject to *de novo* review in both the district court and on appeal." *Id.* "The Attorney General's decision regarding the scope of employment certification is conclusive unless challenged. Accordingly, the party seeking review bears the burden of presenting evidence and disproving the Attorney General's decision to grant or deny scope of employment certification by a preponderance of the evidence." *Id.* (internal citations omitted); *accord Saleh*, 848 F.3d at 889. "[W]hen determining whether a federal officer's actions fall within 'the scope of his office or employment' for purposes of the Westfall Act, we apply the principles of *respondeat superior* of the state in which the alleged tort occurred." *Saleh*, 848 F.3d at 889 (internal quotation marks omitted).

**DISCUSSION**

Defendant argues that, at the time of the acts alleged in the underlying complaint, he was an employee of the federally funded clinic Dixon Family Practice. (Doc. No. 1 at 4.) He asserts that one of the claims against him is a medical negligence claim that is based on actions he took while in the employ of Dixon Family Practice and are accordingly within the scope of his employment. (*Id.* at 4–5.) Defendant contends that, even if the sexual battery claims against him are such that the alleged actions were not taken within the "scope of his employment," the separate negligence claim is such that the entire action should be determined pursuant to the FTCA. (*Id.* at 5.) In its opposition, the United States argues that the allegations underpinning plaintiffs' medical malpractice claims are the same as those underpinning the sexual battery

/////
/////
/////
/////

3

claims, namely that defendant inappropriately touched female patients without consent for non-medical purposes.[1] (Doc. No. 6 at 7.)

Defendant has attached the complaint filed in the state court action at issue here to his motion. (Doc. No. 1-3 at 7–18.) Because the acts were alleged to have taken place in California (Doc. No. 1-3 at 8), the court must apply California tort law regarding *respondeat superior* doctrine. *See Green*, 8 F.3d at 698–99 ("[W]e apply the *respondeat superior* principles of the state in which the alleged tort occurred[.]"). "California courts decide whether an employee was acting within the scope of his employment by analyzing whether (1) the act performed was either required or incident to his duties or (2) the employee's misconduct could be reasonably foreseen by the employer. If the employee's actions fall within either prong, the employer is liable for the injury." *Tate v. United States*, No. 18-cv-03079-PA-PLA, 2018 WL 6444887, at *3 (C.D. Cal. Oct. 30, 2018) (internal quotation marks and citation omitted) (citing *Halliburton Energy Servs., Inc. v. Dep't of Transp.*, 220 Cal. App. 4th 87, 94 (2013)). As one district court has explained:

> An employer "will not be held liable for an assault or other intentional tort that did not have a causal nexus to the employee's work." *Lisa M. v. Henry Mayo Newhall Memorial Hospital*, 12 Cal. 4th 291, 297 (1995). "The nexus required for *respondeat superior* liability—that the tort be engendered by or arise from the work—is to be distinguished from 'but for' causation. That the employment brought tortfeasor together in time and place is not enough." *Id.* at 298. The required nexus is "the same for intentional and negligent torts." *Id.* In order for *respondeat superior* liability to attach, the incident leading to injury must be an "outgrowth" of the employment; the risk of tortious injury must be "inherent in the working environment" or "typical" of or "broadly incidental" to the enterprise the employee has undertaken. . . . Thus, if an employee's

/////

---

[1] The United States also attaches to its opposition the decision of the California Medical Board revoking defendant's medical license on the basis of the same allegations. (Doc. No. 6-1 at 4–83.) It's somewhat unclear what the United States provides this evidence to support, though it appears that it is only meant to explain how the allegations against defendant could serve as a basis for a medical malpractice claim. (Doc. No. 6 at 6–7.) Defendant objects to the court considering this evidence on the grounds that it is irrelevant and substantially more prejudicial than probative. (Doc. No. 7-1 at 1–3.) The court does not rely on this evidence in this order and accordingly overrules defendant's objections in this regard as moot. Similarly, because the court does not rely on defendant's responses to interrogatories, defendant's objections to those responses being consider by the court (Doc. No. 7-1 at 4) are also overruled as moot.

4

> tort is personal in nature, mere presence at the place of employment and attendance to occupational duties prior or subsequent to the offense will not give rise to a cause of action against the employer under the doctrine of *respondeat superior*.

*Lowery v. Reinhardt*, No. 07-cv-00880-RRB-DAD, 2008 WL 550083, at *6 (E.D. Cal. Feb. 27, 2008).

A review of the complaint in the underlying action reveals that the Doe plaintiffs' third and fourth causes of action against defendant—medical malpractice and negligence—are premised on defendant's alleged failure to ensure that "physical examinations of a sensitive nature performed by male physicians were conducted appropriately, including but not limited to supervised by female staff, with appropriate medical equipment including a gown and gloves, and explained to the patient to promote safety and understanding." (*Id.* at 14–15.)  The physical examinations alleged in the state court complaint all refer to defendant inappropriately touching plaintiffs without medical justification.  (*See id.* at 9–12.)  Defendant appears to argue that plaintiffs did not allege that he acted outside the scope of his employment as to the third and fourth causes of action because, unlike for sexual battery, they need not have alleged that he acted for the purpose of sexual arousal as to those claims.  (Doc. No. 1 at 5.)  Defendant cites no authority for the proposition that a finding that an action was taken within the scope of employment depends on the title or elements of a cause of action, rather than the underlying facts, and this court has identified no such authority.  Rather, the court has identified several cases in which courts applying California law have found sexual misconduct against third parties does not fall within the scope of employment for *respondeat superior* liability.  *See, e.g., M.J. v. United States*, 759 F. Supp. 3d 1034, 1054–55 (S.D. Cal. 2024) (granting the defendant's motion for summary judgment as to a medical malpractice claim because the alleged medical malpractice was premised on inappropriate sexual contact during chiropractic examination); *see also Lowery*, 2008 WL 550083, at *6–7 (finding that the defendant doctor's alleged sexual misconduct was not within the scope of his employment); *Tate*, 2018 WL 6444887, at *3 ("California courts have rarely held that employees who have engaged in sexual misconduct with third parties acted within the scope of their employment.") (collecting cases).

5

Accordingly, the court finds that, as alleged, defendant's actions were not taken within the scope of his employment. The court will therefore deny defendant's pending petition to certify.

**CONCLUSION**

For the reasons explained above,

1.      Defendant's petition for certification pursuant to 28 U.S.C. § 2679(d)(3) is DENIED;

2.      The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **June 30, 2026**                                        

DALE A. DROZD
UNITED STATES DISTRICT JUDGE